NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
:
COOPER ELECTRIC SUPPLY CO.,       :
:
                Plaintiff,       :   Civil Action No. 12-0359 (JAP)
     v.                               :
:
TRAVELERS CASUALTY AND            :   **OPINION**
SURETY COMPANY OF AMERICA,        :
:
                Defendant.       :
_____:

PISANO, District Judge.

      This matter comes before the Court on Defendant Travelers Casualty and Surety Company of America's ("Travelers") motion to transfer venue pursuant to 28 U.S.C. § 1404(a). Plaintiff Cooper Electric Supply Co. ("Cooper") opposes the motion. For the reasons set forth below, the Court will deny Travelers' motion.

      On December 2, 2011, Cooper filed this action in the Superior Court of New Jersey, Middlesex County. In its Complaint, Cooper seeks payment from Travelers in connection with electrical materials Cooper furnished to Kullman Building Corporation ("Kullman") for use on a public construction project in Cheyney, Pennsylvania. Cooper alleges that Travelers is liable for the payment under a contract bond Travelers issued from its Edison, New Jersey office.

      On January 19, 2012, Travelers removed the action from the Superior Court of New Jersey to this Court. Thereafter, on January 25, 2012, it filed the instant motion to transfer venue to the United States District Court for the Eastern District of Pennsylvania. In support of its motion, Travelers' argues that transfer is appropriate because, *inter alia*, the bond on which Cooper's claim is based incorporates a provision that requires the application of Pennsylvania

law; the relevant construction project is located in Pennsylvania and therefore several of the pertinent documents and witnesses are located there; Pennsylvania has a strong interest in adjudicating disputes that arise under its Public Works Contractor's Bond Law; and at least two related payment bond claims are or will be pending in the Eastern District of Pennsylvania.

Travelers' motion is governed by 28 U.S.C. § 1404(a), which provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The determination whether to transfer a case is in the discretion of the district court. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995). A plaintiff's choice of venue is not to be "lightly disturbed," and the moving party has the burden of establishing that the proposed transferee forum is proper[1] and that a balancing of the relevant considerations weighs in favor of transfer. *See id.* at 879.

Although the Third Circuit has emphasized that there "is no definitive formula or list of the factors to consider" when deciding a motion to transfer, it has set forth a variety of relevant private and public interests that courts can examine in addition to those explicitly listed in § 1404(a). *See Jumara*, 55 F.3d at 879. The relevant private interests include: (1) plaintiff's forum preference; (2) defendant's forum preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of witnesses; and (6) the location of sources of proof. *See id*. The relevant public interests include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local

---

[1] The parties do not dispute that the Eastern District of Pennsylvania is a "district in which this action might have been brought" pursuant to § 1404.

interest in deciding local disputes at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. *See id*.

Here, having considered both parties' arguments and the factors set forth above, the Court concludes that Travelers has not met its burden of establishing that a balancing of the relevant interests weighs in favor of transfer. *See id.* at 879. As a threshold matter, Cooper's choice of New Jersey as the forum for this action is accorded significant weight. Indeed, "courts normally defer to a plaintiff's choice of forum," particularly where, as here, relevant acts giving rise to the claim arose in that forum. *Id.* at 880. Specifically, the electrical materials at issue in this case were purchased and sold in New Jersey by two New Jersey corporations, Cooper and Kullman. *See* Mezynski Cert. ¶¶ 3-5. Moreover, although the bond that forms the basis for Cooper's claim relates to a construction project in Cheyney, Pennsylvania, it was issued from Travelers' Edison, New Jersey office and lists Structure Tone, Inc., a construction management company located in Lyndhurst, New Jersey, as principal. *See* Def.'s Br. Ex. 3. As a result, it appears that a majority of both the witnesses in this case and the sources of proof relevant to Cooper's claim are located in New Jersey.

Similarly, in light of the above, the practical considerations pertinent to the transfer determination provide support for Cooper's position; to the extent that Travelers may be inconvenienced by having to litigate this case in New Jersey,[2] a transfer to the Eastern District of Pennsylvania "would merely switch the inconvenience from defendant to plaintiff." *Market Transition Facility of N.J. v. Twena*, 941 F. Supp. 462, 467 (D.N.J. 1996)("a court will not grant

---

[2] The Court notes that Pennsylvania is located just across the Delaware River from New Jersey. Thus, Travelers' arguments as to the interests of judicial economy and the inconvenience of litigating in this Court carry particularly little force. *See Market Transition*, 941 F. Supp. at 468 (emphasizing "negligible difference in terms of inconvenience" in light of close proximity between federal courthouses in Newark and Brooklyn); *Jumara*, 55 F.3d at 880. Furthermore, although, as Travelers emphasizes, Cooper's claim may be governed by Pennsylvania law—specifically, the Pennsylvania Public Works Contractor's Bond Law—the Court is confident that it is fully capable of adjudicating this matter in accordance with the applicable law.

a transfer simply because the transferee court is more convenient for the defendants."). Therefore, having weighed the relevant private and public interests, the Court concludes that Travelers has fallen short of establishing that "the proposed alternative forum is not only adequate, but also more appropriate than the present forum." *Hoffer v. Infospace.com, Inc.,* 102 F. Supp. 2d 556, 572 (D.N.J. 2000); *Jumara*, 55 F.3d at 879. Accordingly, Travelers' motion to transfer venue is denied. An appropriate Order follows.

/s/ JOEL A. PISANO
United States District Judge

Dated: June 4, 2012